

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2008

# USA v. Wright

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2595

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wright" (2008). *2008 Decisions.* Paper 813.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/813

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2595

UNITED STATES OF AMERICA

v.

EVERTON WRIGHT,
                              Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 07-cr-00054)
District Judge:  The Honorable Joseph E. Irenas

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2008

Before: SLOVITER, BARRY and ROTH, Circuit Judges

(Opinion Filed: July 23, 2008)

OPINION

BARRY, Circuit Judge

       Everton Wright appeals from a sentence of 72 months of imprisonment imposed

following his plea of guilty to one count of illegally reentering the United States after

having been deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Wright's only contention on appeal is that § 1326(b)(2) is unconstitutional on its face. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), and will affirm.

8 U.S.C. § 1326(a) states that any alien deported from the United States who later reenters while his term of deportation is outstanding shall be fined or imprisoned for no longer than two years, or both. Section 1326(b)(2) states that those aliens convicted under sub-section (a) who were deported subsequent to the commission of an aggravated felony shall be fined or imprisoned for no longer than twenty years, or both. In *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), the Supreme Court held that the fact of a prior conviction for an aggravated felony under § 1326(b)(2) is a sentencing factor and not an element of the underlying offense. Accordingly, it need only be proven to a sentencing judge by a preponderance of the evidence.

The District Court determined by a preponderance of the evidence that Wright had been deported after having been convicted of an aggravated felony—namely, the attempted sale of a controlled substance. Wright concedes that *Almendarez-Torres* governs this case and, thus, that his challenge to the constitutionality of the illegal reentry statute is a challenge "this Court must reject." (Appellant's Br. at 3). He observes, however, that "[a]fter the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it now appears that a majority of the Members of the Supreme Court are of the view that the constitutional question in *Almendarez-Torres* . . . was incorrectly decided," (*id.* at 7), and

2

that this appeal is solely to preserve his constitutional claim in the event *Almendarez-Torres* were to be reversed.

Thus, all Wright expects and all he asks is that we summarily reject his claim on the merits in order to preserve it for further review. The government responds that "[a]t first blush, it might seem expedient to dispose of this appeal on that basis." (Appellee's Br. at 1). Whatever the number of the blush, it is wholly expedient and eminently appropriate to dispose of the appeal on the limited basis on which it is presented. We thus decline the government's invitation in this and in a companion case to

> issue a precedential opinion holding that defendants who unconditionally plead guilty (1) waive a claim that the District Court should have given them a jury trial on the fact of prior conviction, (2) waive a Sixth Amendment challenge to § 1326(b), and (3) lack standing to argue that § 1326(b) violates the jury-trial rights of *other* defendants who proceed to trial. Further, this Court should confirm that guilty-pleading defendants who nevertheless advance such arguments, or who force the Government to prove their prior convictions at sentencing, cannot complain about the Government's refusal to move for a third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

Letter of June 13, 2008 at 2.[1]

The judgment of sentence will be affirmed.

---

[1] The letter purports to be pursuant to Fed. R. App. P. 28(j) but is not because, for starters, no "pertinent and significant" supplemental authorities are even mentioned.